rant the imposition of imprisonment if the accused is found guilty, the unrepresented accused must be advised of his right to counsel and, absent a knowing and intelligent waiver thereof, be given adequate opportunity to obtain representation. If he be found indigent, counsel must be appointed before any critical stage of the contempt proceeding.

We are not unmindful of the recurring problems of enforcing compliance with the provisions of dissolution decrees. Nevertheless, neither stubborn recalcitrance based, perhaps, on lingering emotionalism, nor even open defiance of judicial authority, warrants the disregard of the constitutionally protected right to due process of law when a deprivation of liberty is contemplated.

The first point relied upon by petitioner relates to the facial inconsistency inherent in a judicial determination that an individual is unable to comply with an order of court and a simultaneous order of imprisonment for civil contempt unless he does comply. Petitioner relies upon the decision of this court in *State ex rel. Foster v. McKenzie*, 683 S.W.2d 270 (Mo.App.1984), wherein we held that a judicial determination of indigency precludes incarceration for contemptuous failure to make payments as ordered in a dissolution decree; the contemnor must have the ability to purge himself to justify imprisonment for civil contempt. *Id.* Otherwise, the coercive purpose of civil contempt will be frustrated as the contemnor has no key to the jailhouse door. The trial court's order herein is obviously predicated upon language common to the two seminal cases of *Teefey v. Teefey*, 533 S.W.2d 563, 566–67 (Mo. banc 1976) and *State ex rel. Stanhope v. Pratt*, 533 S.W.2d at 575.

> Before ordering imprisonment trial courts should be convinced that the person is financially able to make the required payment or that he has intentionally and contumaciously placed himself in a position so that he could not comply with the court's orders.

Because the adjudication of civil contempt and the order of commitment must be overturned for the reasons stated above, we find it unnecessary to address petitioner's additional point relied on.

The petition for writ of habeas corpus is granted. The writ is issued and petitioner is ordered discharged.

SATZ and KAROHL, JJ., concur.

**D.S.H., Respondent,**

v.

**G.W.H., Appellant.**

**No. WD 36493.**

Missouri Court of Appeals,
Western District.

Sept. 10, 1985.

Cyril M. Hendricks, Spencer & Hendricks, Jefferson City, for appellant.

Michael P. Riley, Carson, Monaco, Coil, Riley and McMillin, Jefferson City, for respondent.

Before SHANGLER, P.J., and TURNAGE and BERREY, JJ.

### ORDER

PER CURIAM:

Father appeals the trial court's order modifying the visitation rights awarded him under the dissolution decree.

Judgment affirmed. Rule 84.16(b).